IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KEVIN TAMAR DAVIS,

      Petitioner,

      v.                                      CASE NO. 24-3097-JWL

STATE OF KANSAS, et al.,

      Respondents,

## MEMORANDUM AND ORDER TO SHOW CAUSE

Petitioner Kevin Tamar Davis is hereby required to show good cause, in writing to the Honorable John W. Lungstrum, United States District Judge, why this action should not be dismissed due to the deficiencies discussed herein.

### I.   Nature of the Matter before the Court

Petitioner Kevin Tamar Davis, a Kansas state prisoner, filed this pro se Petition for Writ of Mandamus. (Doc. 1.) The Court provisionally grants Petitioner leave to proceed without prepayment of fees but reminds Petitioner that he is still required to comply with the Court's Notice of Deficiency at Doc. 6 by either paying the statutory filing fee of $405.00[1] or filing a motion for leave to proceed without prepayment of fees by the July 15, 2024 deadline.

Petitioner seeks relief regarding his pending state court action brought under K.S.A. 60-1507.  *See Davis v. State*, Case No. 20-CV-000951 (District Court of Sedgwick County, Kansas) (filed June 4, 2020).   His K.S.A. 60-1507 action attacks his sentence in his state court criminal case.  *See State v. Davis*, Case No. 12-CR-0681 (District Court of Sedgwick County, Kansas).

Petitioner alleges undue delay in his state proceedings, and argues that he is being forced

---

[1] The fee to file a non-habeas civil action, including a petition for writ of mandamus, includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $55.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.

to accept state-appointed counsel "or remain in prison for life in violation of fundamental constitutional rights." (Doc. 1, at 6.)   Petitioner acknowledges that the delay was initially due to COVID, but argues that it is now being delayed because he is acting "in Sui Juris."   *Id*.   Petitioner alleges that he was appointed counsel on July 7, 2022, and counsel subsequently withdrew.   *See* Doc. 1–1, at 5, 8.   Petitioner claims that on September 8, 2022, he sought to proceed "Sui Juris Cf. Pro se."   *Id*. at 7.

Petitioner alleges that he sought mandamus relief from the Kansas Supreme Court, which was denied on October 20, 2021.   Doc. 1, at 5; Doc. 1–1, at 4.   Petitioner now seeks mandamus relief from this Court under 28 U.S.C. § 1361.   (Doc. 1, at 5.)   Petitioner names the State of Kansas and Judge David L. Dahl, as respondents.   Petitioner asks this Court to enter a judgment granting him:

> Request Respondent their successors in office, agents and employees and all other persons in active concert and participation with them to submit within 90 days of this court's order and declaration of the unconstitutionality of respondent acts and omissions described herein has [sic] comply with this court's declaration and order, i.e., compelling the Court to perform nondiscretionary duties whereas sua sponte unpausing Davis's habeas proceeding having Davis transferred back to the district court within 30 days and allowing him to move forward acting in Sui Juris, to at least establish an intended decision date without further delay and the Sixth and Fourteenth Amendment to the United States Constitution.

(Doc. 1, at 14.)

## II.   Statutory Screening

Because Petitioner is a prisoner, the Court is required by statute to screen the petition for writ of mandamus and to dismiss it or any portion of it that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.   *See* 28 U.S.C. § 1915A(a) and (b), and § 1915(e)(2)(B); *see also Jenkins v. Trammell*, 2015 WL

2

10529346, *1 (W. D. Okla. Oct. 29, 2015) (applying § 1915A screening standards to petition for writ of mandamus) (citing *cf. Green v. Nottingham*, 90 F.3d 415, 417–18 (10th Cir. 1996) ("[P]etitions for writ of mandamus are included within the meaning of the term 'civil action' as used in § 1915.")).   Because Petitioner proceeds pro se, the Court liberally construes his pleadings and applies "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). Even liberally construing the pleading, however, the Court concludes that it is subject to dismissal for failure to state a claim on which relief may be granted.

### III.   Discussion

Petitioner asserts that this Court has jurisdiction to grant his request for a writ of mandamus under 28 U.S.C. § 1361.   That statute grants federal district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.   But Petitioner does not seek an order compelling a *federal* officer or employee to perform a duty; he seeks an order compelling a state district court to perform its duty.   It is well-established that "[n]o relief against state officials or state agencies is afforded by § 1361." *Amisub (PSL), Inc. v. Colo. Dep't of Soc. Servs.*, 879 F.2d 789, 790 (10th Cir. 1989).   In other words, "[f]ederal courts have no power to issue writs of mandamus to state officers." *Jackson v. Standifird*, 463 F. App'x 736, 738 n.1 (10th Cir. 2012) (unpublished) (citing § 1361 and *Amisub (PSL), Inc.*).

Even more specifically, the Tenth Circuit has held that federal courts "'have no authority to issue such a writ [of mandamus] to direct state courts or their judicial officers in the performance of their duties.'" *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) (quoting *VanSickle v. Holloway*, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986) (internal quotation marks omitted)).   Thus, the Court cannot grant Petitioner's request for a writ of mandamus and Petitioner is directed to

show cause why this matter should not be dismissed for failure to state a claim on which relief can be granted. The failure to file a timely response to this Memorandum and Order to Show Cause will result in the dismissal of this matter without further prior notice to Petitioner.

## IV.  Response Required

Petitioner is required to show good cause why his Petition should not be dismissed for the reasons stated herein.   Failure to respond by the deadline may result in dismissal of this matter without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED** that the Court provisionally grants Petitioner leave to proceed in forma pauperis.  Petitioner must comply with the Court's Notice of Deficiency at Doc. 6 by either paying the statutory filing fee of $405.00 or filing a motion for leave to proceed without prepayment of fees by the **July 15, 2024** deadline.   Failure to comply by the deadline may result in dismissal of this action without further notice for failure to comply with the Court's order.

**IT IS FURTHER ORDERED** that Petitioner is granted until **July 18, 2024**, in which to show good cause, in writing to the Honorable John W. Lungstrum, United States District Judge, why this action should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

Dated June 20, 2024, in Kansas City, Kansas.

S/     James P. O'Hara
**JAMES P. O'HARA**
**UNITED STATES MAGISTRATE JUDGE**